## William Rochells, Plaintiff in Error, v. Albert J. Brockman, Defendant in Error.

### Gen. No. 14,815.

CONTRACTS—*when earnest money may be recovered.* If a person agrees to purchase real estate, and deposits money to bind the bargain, he may recover such earnest money in the event of the seller being unable to convey to him such a title as he had agreed to convey.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the October term, 1908. Reversed and judgment here. Opinion filed December 23, 1909.

**Statement by the Court.** In an action brought by plaintiff in error against defendant in error to recover $100 deposited by plaintiff with defendant, there was a judgment for the defendant, to reverse which the plaintiff prosecutes this writ of error. The trustees of a certain church entered into a contract in writing with plaintiff, by which they agreed to sell and convey to him, and he agreed to buy, at a certain price, lots 3 and 4 in block 2 in Wrightwood, a subdivision, etc. Defendant agreed to pay the purchase price on a certain day, provided "a good and sufficient general warranty deed conveying to the purchaser a good title to said premises  *  *  *  shall then be ready for delivery." The contract recited the payment of $100 earnest money by the plaintiff, and contained the following provision: "A complete merchantable abstract of title, or a merchantable copy, brought down to date, to be furnished within a reasonable time. In case the title upon examination is found materially defective, within ten days after said abstract is furnished, then, unless the material defects be cured within sixty days after written notice thereof, the said earnest money shall be refunded and this contract is to become inoperative.  *  *  *  This contract and the said earnest money shall be held by Albert J. Brockman for the mutual benefit of the parties thereto." Plaintiff paid

the $100 earnest money to the defendant, who gave him a receipt therefor containing the following provision: "Said earnest money to be returned to Mr. Rochells in case the title is defective." The abstract was delivered by defendant to plaintiff, and the title, in the opinion of plaintiff's attorney, was defective. The trustees of the church failed to cure the defects pointed out in the title, and plaintiff brought this action.

ISIDORE LASKER and OLIVER R. BARRETT, for plaintiff in error.

SPENCER WARD, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The only question presented for our consideration is the question whether the evidence shows that the trustees had good title to said lots free from encumbrance. If they had not, then plaintiff was entitled to judgment for the earnest money deposited by him with the defendant. If they had such title, then the plaintiff, without just cause or excuse, failed to perform the contract and, by its terms, forfeited the earnest money. Said block 2 is a part of out lot E in Wrightwood. A plat of the subdivision of said out lot E was acknowledged, approved and filed for record September 17, 1879, and said lots 3 and 4 are in the west half of said block 2. The plat shows a "building line" thirty feet east from the east line of Halsted street, which is the west line of said block 2. The deed of conveyance of said lots from William Fuchs to the trustees of said church, dated June 29, 1901, contains the following provision: "Subject to this condition hereby annexed to this grant ordered, viz.: That a space of thirty feet in depth along the west line of said lots 3 and 4 and fronting on Halsted street, so called, shall never be built upon or in any manner obstructed or encumbered by buildings of any description, but shall be forever left and reserved as an open area or space in accord-

ance with the lines shown upon the maps and plats of the subdivision of said southwest quarter of section 28, and of the re-subdivision of said out lot 'E'.'' Said out lot E was subdivided by Frederic Deming, who conveyed said lots 3 and 4 to Julia C. Sherman October 22, 1879. She conveyed said lots to Julius Hannes October 8, 1886, and he conveyed them to William Fuchs November 23, 1888. Each of said deeds of said lots contains a provision similar to the provision in the deed from Fuchs to the trustees. Defendant introduced evidence showing that block 2 was 875 feet long from north to south; that lots in the west half of said block of the aggregate width of 300 feet had been built on up to the west line of the lots; lots of the aggregate width of 200 feet had been built on only to the "building line," and that lots of the aggregate width of 375 feet were vacant.

The trustees of the church in purchasing said lots 3 and 4 did not acquire absolute and unqualified dominion over them. On the contrary it was a part of the title which they accepted that they should be limited and restricted in the use of the lots in an important particular. Such restriction constitutes an encumbrance on the land.

We are of the opinion that the abstract and the evidence as to the occupation of the west half of said block 2 at the time of the trial, do not show that the trustees of the church had a good, merchantable title to said lots, or one that the plaintiff was, under his contract, bound to accept. The plaintiff, in our opinion, was, under the evidence in this record, entitled to a judgment for the earnest money against the defendant.

The judgment of the Municipal Court will be reversed and judgment will be entered here in favor of the plaintiff in error and against defendant in error for $100 and for his costs in this court and in the Municipal Court.

*Reversed with judgment here.*