### SMITH v. MOORE et al.

(Court of Civil Appeals of Texas. El Paso. April 10, 1913.)

1. ESCROWS (§ 8*)—DELIVERY OF DEED IN ESCROW—RIGHTS OF PARTIES.

Where a vendor in a contract of sale stipulating for the execution and delivery of a deed to a bank, to be held in escrow until deferred payments were made on designated dates, executed and delivered a deed to the bank in escrow, he could not thereafter withdraw it from the bank, without the purchaser's consent, until the expiration of a reasonable time, notwithstanding the time limit named in the contract; and the act of withdrawal after expiration of a reasonable time must be pleaded and proved by the vendor, when sued by the purchaser for the money paid.

[Ed. Note.—For other cases, see Escrows, Cent. Dig. §§ 9, 10; Dec. Dig. § 8.*]

2. VENDOR AND PURCHASER (§ 334*)—CONTRACTS—BREACH—RIGHTS OF PURCHASER.

A vendor, who received a part of the price, could not retain it, unless he tendered performance of his part of the agreement, and after such tender the purchaser failed or refused to perform his part.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 959–980; Dec. Dig. § 334.*]

Appeal from Reeves County Court; John Y. Leavell, Judge.

Action by Charley W. Smith against Mrs. Lena Moore and another. From a judgment

of dismissal, rendered on sustaining a general demurrer to the petition, plaintiff appeals. Reversed and remanded.

Buck & Drane, of Pecos, for appellant. Ross & Hubbard, of Pecos, for appellees.

HARPER, J. This is a suit brought by appellant against appellees in the county court of Reeves county, Tex., at the April term, A. D. 1912, to recover $450 and interest, as is shown in plaintiff's petition. On the 6th day of April, 1912, the case was called for argument and consideration of demurrers before the court, and the court sustained the general demurrer to plaintiff's petition. The plaintiff excepted to the ruling of the court in sustaining defendants' general demurrer to plaintiff's petition and declined to amend. The court dismissed plaintiff's suit and rendered judgment for defendants. To which action of the court plaintiff duly excepted and gave notice of appeal. Plaintiff duly filed his appeal bond. Plaintiff duly filed his assignment of error. Appellant now brings the cause to this court for a revision of the error therein assigned, which is as follows: "The court erred in sustaining defendants' general demurrer to plaintiff's original petition and dismissing plaintiff's suit, for the reason that said petition showed, upon its face, a good cause of action in favor of plaintiff against defendants for the sum of $450 and interest, as shown in plaintiff's petition, for moneys paid and received under and by the virtue of the contract set up in plaintiff's said petition, which contract, as shown by said petition, was breached by said defendants."

Plaintiff's petition, omitting formal parts, is as follows:

"First. That on the 11th day of January, 1910, plaintiff entered into a contract with J. W. Moore, acting as the agent for his wife, Mrs. Lena Moore, defendant, whereby defendant, through her husband, J. W. Moore, obligated herself to sell to plaintiff section No. 145, block No. 13, H. & G. N. Ry. survey, in Reeves county, Texas, for a consideration of $4,800, to be paid by plaintiff as follows: $100 in cash; $400 to be paid on June 1, 1910; $500 to be paid October 1, 1910; and $500 to be paid January 1, 1911; the balance of said purchase money to be evidenced by plaintiff's three notes for $1,100 each, to bear interest at the rate of 6 per cent. per annum from date until paid. And it was further stipulated in said contract that the party of the first part [Mrs. Lena Moore] was to make a warranty deed to said land to the party of the second part [plaintiff] and place the same in the Pecos Valley Bank of Pecos, Texas, to be held by said bank in escrow until the three first deferred payments named in said contract were paid, viz., the $400 June 1, 1910, $500 October 1, 1910, and $500 January 1, 1911, at which time, if the party of the second part [plaintiff] had complied with the terms of the contract, and made said payments, the deed was to be delivered to party of second part [plaintiff]. A copy of said written contract is hereto attached, marked 'Exhibit A,' and made a part of this petition.

"Second. That on the date of entering into said contract and agreement plaintiff paid to defendant J. W. Moore, for defendant Mrs. Lena Moore, $100; that on September 23, 1910, plaintiff paid to defendant Mrs. Lena Moore $150 on said land and contract, and on October 15, 1910, plaintiff paid to defendant Mrs. Lena Moore $100 on said land and contract, and on November 12, 1910, plaintiff paid to defendant Mrs. Lena Moore $100 on said land and contract; and that each of said payments were accepted by defendant Mrs. Lena Moore as payment on said land and contract.

"Third. That, as is shown by said contract, time was not the essence of the same, and, further, if so claimed to be by defendants, it was waived by the acceptance by defendant Mrs. Lena Moore of the aforesaid sums of money from plaintiff on said contract subsequent to the dates payments were to have been made, as shown therein.

"Fourth. Plaintiff avers that he has been informed and believes, and hereby alleges, that defendant Mrs. Lena Moore, joined by her husband, executed and acknowledged a deed to plaintiff to said land and delivered the same in escrow to said the Pecos Valley Bank, and after such delivery accepted certain payments of plaintiff on said contracts and land.

"Fifth. Plaintiff alleges that after the delivery of said deed in escrow to said the Pecos Valley Bank, and while said contract was in full force and effect, defendants, unmindful of plaintiff's rights in the premises, voluntarily, without any notice whatever to plaintiff, and without his consent, sold said land by deed to F. W. Johnson, W. D. Cowan, R. S. Johnson, and Stump Robbins on February 27, 1911, which deed is of record in Book 30, page 218, of the Deed Records of Reeves county, Texas, the said parties being innocent purchasers without notice, and thereby rendering specific performance under said contract and escrow deed ineffectual.

"Sixth. Plaintiff alleges that it was his desire at all times to carry out the terms of said contract and buy said land, and that he would have done the same if it had not been for the wrongful and unauthorized action of defendants in ignoring his rights in the premises and selling said land, as before alleged, and thereby placing it beyond the reach of him, and that he is now willing and able to purchase said land and pay therefor the price named in said contract, and will do the same in the event defendants can and will deliver him good title to the same.

"Seventh. That by reason of the premises plaintiff has been damaged in the sum of

$450, the money so paid on said land and contract, as aforesaid, together with interest on the respective payments, as aforesaid, from date of same.

"Premises considered, plaintiff prays the court that defendants be cited to appear and answer this petition in terms of law; that he have judgment against said defendants for his debt, $450, and interest, and for costs of suit, and for both general and special relief," etc.

Exhibit A of plaintiff's original petition:

"This memorandum of agreement this day made and entered into by and between J. W. Moore, acting as agent for his wife, Mrs. Lena Moore, of Pecos, Texas, party of the first part, and Charley W. Smith, of Galesburg, Ill., hereinafter designated as party of second part, witnesseth: .

"That the party of the first part has contracted and sold to the party of the second part section 145, block 13, H. & G. N. Ry. survey, Reeves county, Texas, for the consideration of $4,800, to be paid as follows: $100 in cash; $400 to be paid on June 1, 1910; $500 Oct. 1, 1910; and $500 Jan. 1, 1911, and the issuance by the party of the second part of three vendor's lien notes of $1,100 each, bearing interest at the rate of 6% per annum from date until paid.

"It is further agreed by and between the parties hereto that the party of the first part shall make a warranty deed to the above-described land and deposit same in the Pecos Valley Bank of Pecos, Texas, to be held by said bank in escrow until the three first deferred payments named above shall have been made, viz., the $400 June 1, 1910, $500 Oct. 1, 1910, and $500 Jan. 1, 1911, at which time, if the party of the second part has complied with the terms of the contract and made payments as above stipulated, the party of the first part will deliver this deed to the party of the second part.

"It is further understood and agreed by and between the parties hereto that the party of the second part shall have the privilege of entering upon this land at any time he may see fit and putting such improvements upon same as he may wish.

"Witness our hands in duplicate this 11th day of January, A. D. 1910.

"J. W. Moore,
"Party of the First Part.
"Charley W. Smith,
"Party of the Second Part."

To this petition defendants filed a general demurrer, as follows: "Defendants except to plaintiff's original petition filed herein, and say that same is insufficient in law and shows no cause of action."

The court entered the following judgment of dismissal: "On this the 6th day of April, A. D. 1912, at a regular term of said court, came the parties by their attorneys, and then came on to be heard the defendants' general demurrer to plaintiff's petition, filed 5th day of April, A. D. 1912; and the argument of counsel thereon being heard, it is the opinion of the court that the law is for the defendants, and that plaintiff's petition shows no cause of action against defendants, and that said general demurrer should be and the same is hereby sustained. And the plaintiff in open court having declined to amend, and excepted to the ruling of the court in sustaining said general demurrer, it is therefore considered and ordered by the court that plaintiff's suit be and the same is hereby dismissed, and that defendants go hence without day, and that they recover of plaintiff, Charley W. Smith, their costs in this behalf expended, for which they may have their execution. * * *"

The court erred in sustaining the demurrer to the petition, for it stated a good cause of action.

[1, 2] The fourth paragraph of plaintiff's petition alleges the execution of a deed, and that same was placed in escrow to await the happening of a certain event, to wit, the payment of the moneys cited as the consideration therein. Appellees, under such state of facts, would not have the right to withdraw the deed from the bank, without the appellant's consent, until after the expiration of a reasonable time, notwithstanding the time limit named in the contract. This is a question of defense to be pleaded and proven by defendants. Bott v. Wright, 132 S. W. 960. Besides, the defendant, under the allegations of plaintiff's petition, received money under the contract to sell from the plaintiff, and has no right to it, unless she tendered her part of the agreement, and after such tender plaintiff failed or refused to perform his part of it. Pfeiffer v. Wilke, 197 S. W. 361.

Reversed and remanded.