## DAILY v. BROWN.
### No. 7444.

Court of Civil Appeals of Texas. Austin.
March 5, 1930.

Rehearing Denied March 26, 1930.

McCLENDON, C. J.

Appeal by writ of error from a judgment of the county court for $245, in favor of appellee.

Appellant has filed no assignments of error or brief, and appellee has moved to dismiss on that ground. In reply to the motion appellant asserts that the record presents fundamental error, in that it appears from plaintiff's petition that the county court was without jurisdiction.

■ We have concluded that the motion to dismiss should be overruled, since we are required, in the absence of assignments of error, to consider questions of fundamental error when called to our attention.

The jurisdictional question urged by appellant arises upon the following record showing: The suit was upon two contracts, one to convey an undivided mineral title to 320 acres of land, and the other to make a commercial mineral lease on two tracts aggregating 80 acres.

Appellee was to furnish an abstract of title which was to be examined and the title passed upon by appellant. Escrow instruments were executed under each contract, and forfeitures of $100 on one contract and $50 on the other were deposited. The abstract was to be returned to appellee within a certain time. The suit was for the two forfeiture items and for $95, the alleged value of the abstract, appellee alleging breach of contract by appellant and failure to return, and therefore conversion of the abstract. Appellant pleaded to the jurisdiction, and specially excepted to the petition on the ground, in substance, that there were three separate causes of action alleged, two on independent contracts and the third in tort for conversion; that these causes of action could not be properly joined in one suit, and without the joinder of all three the amount in controversy was below the jurisdiction of the county court. Appellant has filed an elaborate argument with citation of authorities in support of his contention that the trial court erred in overruling his plea and exceptions.

■ The cited authorities are not in point on the particular question which the record presents. It is true that, where the petition on its face shows a total lack of jurisdiction in the trial court, the error in retaining jurisdiction is fundamental, and will be reviewed on appeal, though no assignment of error is filed. No such question is present here. The amount in controversy is $245, which is within the jurisdiction of the county court.

■ Whether the causes of action asserted were improperly joined we need not decide. Clearly there were not three separate causes of action, since the sum for the value of the abstract, though asserted as conversion, was merely an item under the contract which obligated its return.

■■ The correctness of the court's action in retaining jurisdiction clearly does not present a question of fundamental error. Joinder of independent causes of action in the same suit where the parties are the same is largely discretionary with the trial court, and, where review is sought, error must be assigned.

■ Additionally, it has been held a number of times that, even where there has been a misjoinder, the trial court's action will not be reviewed, unless the complaining party makes an affirmative showing that the error was prejudicial. See authorities under section 52, 1 Texas Jurisprudence, p. 668.

The motion to dismiss is overruled, and the trial court's judgment is affirmed.

Affirmed.