## CAIN et al. v. FRY.
### No. 4464.

Court of Civil Appeals of Texas. Amarillo.

Sept. 30, 1935.

Vickers, Campbell & Evans, of Lubbock, for appellant H. L. Cain.

Bean, Duggan & Bean, of Lubbock, for appellant T. B. Duggan.

McWhorter & Howard, of Lubbock, for appellee.

JACKSON, Justice.

On March 3, 1934, H. C. Glenn, the receiver of the Temple Trust Company, listed with H. L. Cain for sale approximately 340 acres of land, which was the property of the Temple Trust Company, but held in the name of W. S. Rowland.

Pursuant to the listing contract, H. L. Cain procured as purchasers W. S. Fry and Truett Fry, who were brothers.

In a written contract the purchasers agreed to pay as a consideration for the property the sum of "$7,129.50 as follows: $339.50 cash as hereinafter provided, and the balance of said price to be paid by the assumption" of certain other obligations fully set out.

The contract also stipulated that: "The purchaser is placing with T. B. Duggan, agent, check for $169.00 which is to be cashed and purchaser is also placing with T. B. Duggan a deed to certain property in Harris County, Texas, which property therein conveyed is for an agreed price of $170.50, and when this contract is executed by both parties thereto, then the said T. B. Duggan is to deliver said money and deed to H. L. Cain, real estate broker, who is the procuring cause of this sale."

The contract was executed by Truett Fry, purchaser, H. L. Cain, real estate broker, and forwarded to Waco, where it was executed by W. S. Rowland, seller, and returned to T. B. Duggan at Lubbock, Tex.

The record shows that while the contract was signed in the name of Truett Fry as purchaser, W. S. Fry was acquiring a one-half interest in the property; that W. S. Fry paid the $169 and Truett Fry executed the deed to the land in Harris county, valued at $170.50, which constituted the cash payment of $339.50, and these two items were to be delivered by T. B. Duggan to H. L. Cain as his commission "when this contract is executed by both parties hereto."

On September 5, 1934, W. S. Fry, as plaintiff, instituted suit in the justice court of precinct No. 1, Lubbock county, against H. L. Cain and T. B. Duggan, as defendants, to recover the sum of $169, and obtained a judgment therefor, from which defendants prosecuted an appeal to the county court.

On a trial de novo in county court, all the pleadings being oral, the jury, in response to special issues, answered in effect that H. L. Cain made material representations to W. S. Fry as to the boundaries of the land and the number of acres of raw land contained in the tract; that such representations were false, were relied on by W. S. Fry, and resulted in his injury;

that the plaintiff notified T. B. Duggan that he had been shown the wrong land before the check in question had been delivered to H. L. Cain.

Upon these findings judgment was rendered in favor of plaintiff against the defendants for the sum of $169, and against Cain in favor of T. B. Duggan for any part thereof that he was required to pay.

It will be noted that neither the Temple Trust Company, H. C. Glenn its receiver, W. S. Rowland, who held the title for the Temple Trust Company in his name, nor Truett Fry, who executed the contract as purchaser for himself and his brother, W. S. Fry, is made a party to this suit.

There is no testimony that the contract of sale had been canceled by agreement of the parties or abandoned by their mutual consent. As disclosed by the record, such contract is still in full force and effect.

A contract may be abrogated or abandoned, with or without reason, by the mutual consent of all the parties thereto (37 Tex. Jur., par. 79, p. 205), but in order for one party to a contract to rescind for false representations, the fraud must be judicially ascertained by a court of competent jurisdiction in which all the parties interested therein are parties to the litigation. 7 Tex. Jur., par. 54, p. 972.

"An instrument procured by fraud is not void, but is only voidable at the election of the defrauded." Ramirez et ux. v. Bell et al. (Tex. Civ. App.) 298 S. W. 924, 928.

"That which is void is without vitality or legal effect. That which is voidable operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained and declared." Smith v. Thornhill (Tex. Com. App.) 25 S.W.(2d) 597, 600.

The record failing to show that the contract had been abrogated or abandoned, all the persons interested therein were necessary parties in a suit for the cancellation thereof, and the contract involving a consideration of a sum in excess of $7,000, the justice court was without jurisdiction to determine that equitable grounds existed for the cancellation thereof.

Appellee's judgment was for the amount he had paid as part of the consideration for the land, and indicates that his suit is for cancellation and rescission. He may, however, stand on the contract and sue for his damages.

"A party defrauded in a contract has his choice of remedies. He may stand to the bargain and recover damages for the fraud, or he may rescind the contract, and return the thing bought, and receive back what he paid." Blythe v. Speake, 23 Tex. 429, 437; Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1.

There is no testimony as to the amount of the damage, and no such issue was submitted to the jury.

"It is elementary that where a false representation is charged to have misled a party into signing a contract, he must not only show the falsity of the misrepresentations, that he was misled by such and induced to sign the contract thereby, but he must also show that he has been damaged and the extent of his damages." Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S. W. 1034, 1035, 1037, 258 S. W. 462, 51 A. L. R. 1.

The appellant requested the court to submit for the determination of the jury whether the representations made by Cain, concerning the boundaries of the land and the amount thereof in grass, were expressions of his opinion, and stated in terms of an estimate as to the location of the boundaries and the amount of the land in grass. Whether the statements made by Cain were represented to be facts or given as an opinion or estimate were controverted issues, and it was error to refuse these issues. McClung Construction Co. v. Muncy et al. (Tex. Civ. App.) 65 S.W.(2d) 786.

The judgment is reversed, and the cause remanded.