**CAWLFIELD v. BRANDENBURG.**

**No. 11074.**

Court of Civil Appeals of Texas. Galveston.

Nov. 20, 1940.

Rehearing Denied Dec. 19, 1940.

John C. Harris, Jr., of Houston, for appellant.

H. H. Brandenburg, of Houston, for appellee.

GRAVES, Justice.

This brief statement of the cause, acquiesced in by the appellee as being correct, has been taken from appellant's brief:

"This suit originated in the justice court, precinct No. 1, of Harris County, Texas. H. H. Brandenburg sued W. F. Cawlfield and Lehigh Building Corporation for $200 paid by Brandenburg to Cawlfield under a contract. The justice court gave judgment for Brandenburg against Cawlfield and Lehigh Building Corporation, and the county court at law—on a trial de novo—gave judgment that plaintiff recover against defendant Cawlfield and take nothing against defendant Lehigh Building Corporation."

Since the appeal is thus one from the county court at law, and an affirmance of the judgment rendered below has been determined upon here, no written opinion is required of this court; in deference, however, to the aid furnished by counsel for both sides in filing full briefs, this general statement of the grounds upon which the affirmance has been determined is made:

The trial court had jurisdiction, because the appellee, as plaintiff below, did not declare upon nor seek a rescission of a final building contract between the parties for the construction of a dwelling at a total cost of $6,000—an amount beyond the jurisdiction of the county court at law; but he merely sued for $200 damages for appellant's breach of his antecedent and preliminary agreement to return appellee the $200 advanced by the latter for ultimate application by appellant upon such building contract, in event the parties were later unable, either to agree upon the details of it, or an FHA loan upon it could not be obtained, these contingency provisions of their preliminary contract being as follows:

"Third, the house and single garage to be constructed is to be designated by and built under the supervision of George Rustay, an architect employed by the buyer, and the obligations of this agreement shall cease and determine and the parties shall be put in their original positions, if and when they shall become unable to agree upon the nature, extent, and the details of the plans and specifications to be prepared by George Rustay for the construction of a $4,800 dwelling and single garage, or if an FHA loan satisfactory to contractor cannot be secured.

"Fourth, if the parties are unable to reach an agreement as to the exact nature in every detail of the house to be constructed, they shall then enter into a construction contract, of which the design of the house, together with its plans and specifications, shall be a part."

These contingent provisions alone were declared upon, no rescission having been sought, and the trial court, in support of its judgment, found in effect that these indispensable preliminaries to the consummation of the final building contract had not been attained, and that appellee had paid appellant the $200 he so agreed to pay in advance, thereby complying with his undertaking; but that the appellant had breached his part of the contract by refusing to return the $200, adding, as to the latter's consequent liability to the former, these conclusions of law:

"3. Plaintiff in paying over the $200 and in securing plans and specifications and in attempting to reach an agreement with defendant W. F. Cawlfield upon a house to be built for $4,800 has carried out his part of the contract.

"4. Defendant W. F. Cawlfield, in refusing to repay the $200, has breached the contract."

These findings and conclusions, it is thought, take the cause out of that class of holdings upon which appellant relies, to the effect that where the suit either requires the interpretation or seeks a rescission of a contract involving amounts of money beyond the court's jurisdiction, it has no authority to entertain it; because, here, there was involved only a preliminary undertaking binding the parties to enter into a $6,000 contract, upon the happening of the specified future events, and not otherwise; since these events did not come about, the amount in controversy in this instance was reduced to the $200 advanced on the one side, and wrongfully withheld upon the other, after it had been so found that the contemplated building enterprise could not be entered upon between the parties: 10 Texas Jurisprudence 52; Northern

Texas Realty & Construction Co. v. Lary, Tex.Civ.App., 136 S.W. 843; Faulkner v. Otto, Tex.Civ.App., 230 S.W. 447; 11 Texas Jurisprudence, 737, 739; Davis v. Fant, Tex.Civ.App., 93 S.W. 193; Smith v. Moore, Tex.Civ.App., 155 S.W. 1017; Daily v. Brown, Tex.Civ.App., 26 S.W.2d 400; 10 Texas Jurisprudence, 395; 5 Williston on Contracts, Secs. 1338 and 1455; Rochells v. Brockman, 152 Ill.App. 253; Greer v. International Stock Yards Co., 43 Tex.Civ.App. 370, 96 S.W. 79; Davis v. Fant, supra; Smith v. Moore, supra; Cain v. Fry, Tex.Civ.App., 86 S.W.2d 270; Riley v. Atmar, Tex.Civ.App., 213 S.W. 682; Rick v. Farrell, Tex.Civ.App., 266 S.W. 522.

Further discussion being deemed unnecessary, the affirmance indicated will be entered.

Affirmed.