CONTINENTAL TRANSFER & STORAGE COMPANY, Appellant,

v.

A. L. SWANN, Appellee.

No. 6403.

Court of Civil Appeals of Texas.

Amarillo.

May 17, 1954.

Rehearing Denied Sept. 7, 1954.

Jack Keller, Dallas, for appellant.

McKool & Bader, Dallas, for appellee.

MARTIN, Justice.

Appellee, A. L. Swann, as plaintiff in the trial court, brought suit against appellant, Continental Transfer & Storage Company, Inc., defendant in the trial court, for conversion of household furniture alleged to be of value of $629.65. Upon the jury's answer to four special issues as hereinafter shown, the trial court rendered judgment in favor of appellee for the sum of $534 with interest at the rate of 6 per cent per annum from the date of the judgment.

It is appellee's theory of the cause of action that he and his wife, intending to ship furniture not in excess of one thousand pounds to Los Angeles, California, procured an agreement from the appellant whereunder appellant was to call the charges to appellee and was to give appellee the opportunity to pay the charges in Dallas, Texas. The stipulation as to payment of the charges in Dallas, Texas, is of no materiality but the record reveals that in connection with the condition as to the calling of the charges that it was appellee's intention if advised as to excessive weight to limit the shipment of furniture to not in

excess of one thousand pounds which took a rate of approximately $126.28 under the tariff regulations. The record reveals, almost without dispute, that if the furniture weighed in excess of one thousand pounds and therefore the required charge for shipment exceeded $126.28, it was appellee's intention to pick up enough of the furniture to reduce the weight of the shipment to one thousand pounds as covered by the above tariff rate of $126.28. Appellee further asserted that appellant, contrary to its agreement, did not notify them of the charges to be made on the shipment and did not give them an opportunity to pay the same in Dallas and did not advise them that the furniture weighed in excess of one thousand pounds but shipped all the furniture to California and then demanded charges on the shipment which was in excess of one thousand pounds. The charges on the excess shipment were almost double the charges on a shipment of one thousand pounds and appellee refused to pay the same and upon appellant retaining the furniture for the freight charges sued appellant for conversion.

It is appellant's theory, outlined by its seventeen points of error, that appellee's wife signed a bill of lading and that such bill of lading and the carrier's tariff on file as fixed by the Interstate Commerce Commission constitute the entire contract of the parties and that nothing can be taken from or added to the bill of lading or tariff by either the shipper or the carrier. Appellant sought judgment for its debt and foreclosure of carrier's lien on the furniture. Appellant's points of error involve the principle that the transportation rates fixed by the Interstate Commerce Commission govern the contract of shipment and that both carrier and shipper are bound by such rate irrespective of any other agreement. Appellant cites Atchison, T. & S. F. Ry. Co. v. Springer, 7 Cir., 172 F.2d 346, and Oregon-Washington R. & Nav. Co. v. C. M. Kopp Co., 12 Wash.2d 146, 120 P.2d 845, 138 A.L.R. 633, as being very similar to the case at bar and as governing the issue here. It must be noted that both these cases, and others cited by appellant, are cases involving the contract rights of the parties after the shipment was already in transit. It is indisputable that had appellee unconditionally placed the furniture in transit as a shipment with the appellant that the entire contract would be governed by the tariff regulations. Further, once the contract of shipment was formulated it would be governed by the tariff regulations even though the furniture was not in transit.

Appellant's seventeen points of error, briefed in detail, are supported by the principle that a contract of shipment is governed by the Interstate Commerce Commission rate and regulations and that the rate for transportation of appellee's household furniture as fixed by the Commission is the final and binding rate and contract on both shipper and carrier. This principle is duly recognized, as above stated, but appellant's seventeen points of error on appeal as based upon such principle do not reveal any error in the trial of the cause of action under the issues made by appellee's pleadings, the evidence and the verdict of the jury favorable to appellee as such principle above outlined is not applicable to appellee's cause of action under the rules hereinafter set forth as no contract was ever formulated to which the tariff regulations would attach.

The jury found under the special issues submitted to them that the defendant, its agents, servants or employees agreed to notify the plaintiff's wife of the total charges for the shipment to California prior to making said shipment. The jury found that the notification of plaintiff's wife of the total charges and the giving to her of the chance to pay the cost thereof in Dallas was a condition precedent to the contract for the defendant to ship the goods to California. The jury further found that the defendant failed to notify the plaintiff's wife of the amount of charges and to offer her a chance to pay the same in Dallas prior to carrying the goods to California. The undisputed evidence reveals that the shipment exceeded one thousand pounds in weight and was transported to California by appellant and

there retained by it on nonpayment of the charges for the total shipment. The jury found that the reasonable value of the goods and furniture to the appellee was the sum of $534. The evidence supports the jury verdict and the issue here is solely one of law. The overwhelming weight and preponderance of the evidence supports the appellee's theory of the cause of action as well as all the findings of the jury in appellee's favor.

■■ The issue on this appeal is whether the formation of a final contract of shipment which would be governed by the rules and regulations of the Interstate Commerce Commission was subject to the condition precedent that the defendant, its agents, servants and employees agreed to notify the plaintiff's wife of the total charges for the shipment to California prior to making said shipment.

A survey of all the legal principles and cases relied on by appellant does not reveal the existence of any Interstate Commerce Commission regulation or rule which required the appellee to ship any furniture whatsoever from the State of Texas to the State of California. Nor do the decisions cited by appellant reveal any ruling or Interstate Commerce Commission regulation that prohibits appellee from limiting the weight of any shipment he might make from Texas to the State of California or from withdrawing the furniture from shipment prior to the same being placed in transit. A condition precedent may relate either to the formation of contracts or to liability under them.

"A condition precedent in the law of contracts either may be a condition which must be performed before the agreement of the parties shall become a binding contract, or it may be a condition which must be fulfilled before the duty to perform an existing contract arises. So such conditions may relate either to the formation of contracts or to liability under them, * * *." 17 C.J.S., Contracts, § 338, Pages 792-793.

Under the verdict of the jury, as a condition precedent to the formation of a contract of shipment of appellee's household goods to California it was agreed by and between appellant and appellee that appellant would notify appellee of the total charges for the prospective shipment prior to making such shipment. Such condition precedent as found by the jury related to the formation of the contract and was one which must have been performed before the agreement of the parties became a binding contract. Under this ruling it is recognized that had the condition precedent been performed the contract of shipment would have been formulated and such contract would have been governed thereafter by the Interstate Commerce Commission rules and regulations. In the absence of the performance of the condition precedent as agreed to between the parties and as so found by the jury, a contract subject to rules and regulations of the Interstate Commerce Commission was never formulated or any binding contract created. 17 C.J.S., Contracts, § 338, supra. The trial court did not err in overruling appellant's motion for judgment non obstante veredicto and appellant's assignments of error and in entering judgment for appellee on the jury verdict and uncontroverted facts in the cause.

The above ruling is substantiated by many decisions of the courts of the State of Texas. Cawlfield v. Brandenburg, Tex. Civ.App., 146 S.W.2d 259; Courreges v. System Freight Service, Inc., Tex.Civ. App., 152 S.W.2d 841; Reinert v. Lawson, Tex.Civ.App., 113 S.W.2d 293, second case, Syls. 1 and 2; Southern Mortgage Co. v. McGregor, Tex.Civ.App., 279 S.W. 860, affirmed, Tex.Com.App., 286 S.W. 1086; Shaper v. Gilkison, Tex.Civ.App., 217 S. W.2d 878, Syl. 1; Golston v. Bartlett, Tex. Civ.App., 112 S.W.2d 1077, Syl. 6; Faulkner v. Otto, Tex.Civ.App., 230 S.W. 447; Gateway Produce Co. v. Farrier Bros., 5 Cir., 268 F. 513.

Appellant's seventeen points of error are accordingly overruled and the judgment of the trial court is affirmed.