**R. L. FRED, Appellant,**

v.

**F. L. LEDLOW et al., Appellees.**

No. 13286.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 22, 1958.

Clifford O. Lawrence, Kerrville, for appellant.

Alvin L. Huth, A. R. Sohn, Park Street, Walter Powell Gray, Hugh J. Fitz-Gerald, San Antonio, for appellees.

POPE, Justice.

The court denied plaintiff's motion for summary judgment and granted defendants' motion. Plaintiff, R. L. Fred, owned a twenty-year lease on a five-acre resort camp called Flat Rock Camp at Marble Falls Dam. Defendants, F. L. Ledlow and L. E. Bacon, were interested in buying the lease and also in negotiating with the owners to purchase the real property. C. C. Storm and John Quick were also sued, for they were the agents who were handling the transaction.

After some negotiations, plaintiff, Fred, and the two buyers signed an earnest money contract by which the buyers agreed to buy the lease for $9,500.00. However, above their signatures were inserted the words: "This contract made subject to buyer purchasing or leasing land from owner." That sentence is the basis for the court's summary judgment for the defendants. That the contract so provided is not disputed. Plaintiff says that the owners were willing to sell the land to the buyers and for that reason there was no condition which remained unfulfilled. Mr. and Mrs. Mahan, the owners, in an affidavit, stated that they were willing to sell the land for $10,000.00. However, their affidavit also states that the agents presented a contract to them for the sale at that price, and they refused to sign it until the buyers signed it. The buyers never signed a contract, and there is noth-

ing which shows they were willing to pay $10,000.00 for the property, or the terms for such payment. All that the affidavit shows is that the sellers were willing to sell on terms which were never accepted by the buyers. This does not make a contract, and the record wholly fails to show that the buyers either bought or leased the land from the owners, the condition upon which rested the contract with Fred. For the reasons expressed by this Court in Pena v. Security Title Co., Tex.Civ.App., 267 S.W.2d 847, the condition in the contract kept the agreement from becoming effective. Lallier v. Mueller, Tex.Civ. App., 300 S.W.2d 293; Continental Transfer & Storage Co. v. Swann, Tex.Civ. App., 278 S.W.2d 413; Shaper v. Gilkison, Tex.Civ.App., 217 S.W.2d 878.

The judgment is affirmed.