**Peter STACK, dba Texas Sales Engineering Company, Appellant,**

**v.**

**Marlin Q. BOND, Appellee.**

**No. 11036.**

Court of Civil Appeals of Texas.

Austin.

Jan. 23, 1963.

Rehearing Denied Feb. 13, 1963.

Townes & Townes, Houston, for appellant.

Abney, Hammett & Lynch, Philip McConnell, Lampasas, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the District Court in favor of appellee for $3,225.00, growing out of a suit filed by appellee against appellant to recover such amount as a refund of the down payment on a contract for the purchase of car wash equipment from appellant, for installation at Temple, Texas.

The purchase order contract contains the following provisions:

"In event Customer cannot get financing for equipment or suitable site for business, Seller agrees to refund full down payment less $500.00 for complete set of blueprints."

Appellee, as plaintiff, alleged, relying on the provision that the contract was conditioned upon plaintiff being able to obtain certain financings and a suitable site, and that after diligent effort he was unable to obtain such financing, and unable to acquire a suitable site for the business using such equipment.

The appellant, as defendant, in answer alleged that plaintiff merely changed his mind and attempts to avoid the contract and had breached and failed to comply with the contract, and that the quoted provision did not become applicable. Further answer was that defendant had made arrangements whereby the purchase could be financed and would assist in the location of a suitable site, but was assured by plaintiff that he had his own financing and did not, until after he had changed his mind, refuse to afford defendant an opportunity to conclude such arrangements. The defendant pled waiver by and estoppel of plaintiff, and for offset against any judgment the court might render.

The appeal is predicated on eight points and are to the effect that neither of the conditions prerequisite to recovery existed, and plaintiff was not entitled to recover on the theory that he could not get financing for the equipment, since by the evidence there was no such problem, and because the undisputed evidence shows that plaintiff selected a site, and the same is still available, and that the question of financing the construction of a building did not constitute a condition in the purchase contract; that there were other sites suitable for the car wash business available in Temple; that the plaintiff did not notify defendant of his inability to secure a site or construct a building to enable defendant an opportunity to get a different site, and the court should have allowed defendant a setoff for expenses, etc.; and finally the judgment of the trial court is so contrary to the great weight and preponderance of the evidence as to be clearly wrong, and the court erred in rendering the judgment.

The appellee, Bond, made investigation concerning the car wash business over a period of several months and located a site in Temple at 23rd and West Adams prior to dealing with appellant Stack, who told Bond that he would assist in locating a site.

Plans for a building suitable to the car wash business were drawn at the request of Stack, and the purchase order was prepared by Stack to ship the equipment to Bond at West Adams and 23rd Streets, Temple, Texas (which order contained provision for financing as above set out). Stack told Bond, at the time of the order, that he had means of financing the equipment but that it would be to the advantage of Bond to get local financing. The witness Stack testified fully as to his experience in the car wash business, in selling and installing such equipment, and looked at locations of required area with Bond. Bond testified as to conversations with Mr. Brooks and as to drawing of plans.

Mr. Brooks the owner of a site at 23rd and Adams secured bids for the construction of a building but was unable to secure financing. This witness testified that he had been unable to complete negotiations with Bond before the purchase order was signed and that Stack knew that the availability of the Brooks' site depended on whether he could finance the construction of the building.

The site appears to have been adequate if it had had buildings and other improvements to make it suitable for the installation of the equipment.

Mr. Bond testified as to his actions in trying to get a location and being unable to secure a location and of a conversation with Mr. Stack in Copperas Cove at which time he asked for a refund and that Mr.

Stack told him that the money could not be given back because equipment had been ordered and would have to be sold before he could give the money back and that at least 30 days would be required to sell the equipment, and some time later Bond saw Stack in Killeen who said it would not be much longer before he could sell it, but that the refund had not been made. Extensive further testimony was given by Bond on both direct and cross-examination, but it is concerned with the action of the parties hereto, and has been substantially recited herein and we will not review it further.

Witness Brooks testified to a discussion with Stack over the refunding of the money, in the event Bond could not obtain financing or suitable site, that Mr. Stack said that he was not running a cut-throat company and if Bond could not use the merchandise he did not want to sell him something he could not use.

 The judgment of the trial court is supported by the record and we believe that the court was justified in holding as it did and in rendering the judgment in view of the terms of the purchase order and of the evidence in the case and that the order was contingent on Bond being able to secure a suitable site for the business. Contingent means "dependent for effect on something that may or may not occur". Shaper et al. v. Gilkison, Tex.Civ.App., 217 S.W.2d 878, er. ref. N.R.E.

Under the terms of the contract Bond was made the sole judge of the suitability of a site. The seller was Stack, and that was his sole responsibility and authority. Fred v. Ledlow, Tex.Civ.App., 309 S.W.2d 490, 491, er. Ref. and cases cited therein.

There can be no waiver or estoppel, since the purchase order made provision for financing and securing of a suitable site and appellant had full knowledge of all facts, and was not induced by and relied on representation or conduct of appellee.

The purchase agreement provided for the retention of $500 to cover expenses of blue prints and other expenses which seller would incur and such was allowed by the court. 31 C.J.S. Estoppel § 71, p. 269; Nelson v. Wilson, Tex.Civ.App., 97 S.W.2d 287, er. ref.; Nance et al. v. Currey, Tex. Civ.App., 257 S.W.2d 847, no writ history.

The judgment of the trial court is affirmed.

Affirmed.