

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00261-CV

John E. **FITZGIBBON**, Sr., the Fitzgibbon Family Partnership, Ltd., and Rita Fitzgibbon,
Appellants

v.

Janice F. **HUGHES** and Janice Marie Taylor, as Independent Executrix of the Estate of John E.
Fitzgibbon, Jr.,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2010CVF001577-D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:          Marialyn Barnard, Justice
                  Rebeca C. Martinez, Justice
                  Patricia O. Alvarez, Justice

Delivered and Filed:  July 30, 2014

REVERSED AND REMANDED

        John E. Fitzgibbon, Sr., the Fitzgibbon Family Partnership, Ltd., and Rita Fitzgibbon

appeal from a summary judgment granted in favor of Janice F. Hughes and the Estate of John E.

Fitzgibbon, Jr. in a suit for breach of contract.  We reverse the judgment of the trial court, and

remand the case for further proceedings.

### BACKGROUND

        John E. Fitzgibbon, Sr. and Rita Fitzgibbon married in 1982 after both were widowed.  Mr.

Fitzgibbon had two children from his first marriage, Janice F. Hughes and John E. Fitzgibbon, Jr.

Mrs. Fitzgibbon had two children from her first marriage, but only one, Marlena Allen, survives. During the 1960s, Mr. Fitzgibbon, a lawyer, was involved in a will contest in Kenedy County. His fee in the case consisted of a small royalty interest in minerals in Kenedy County. After the death of his first wife, Mr. Fitzgibbon gifted 25% of his royalty interest in Kenedy County to each of his children and retained a 50% interest for himself.

In May 1994, both of Mr. Fitzgibbon's children contributed their respective 25% royalty interests to a limited partnership in return for a 6.735% limited partnership interest to each. Mr. Fitzgibbon contributed his 50% royalty interest in exchange for an 85.53% limited partnership interest and a 1% general partnership interest. Mr. Fitzgibbon is the general partner.

John, Jr. passed away in 2009, and it appears that thereafter family relations became strained.[1] In October 2010, Janice filed her "First Amended Original Petition for Declaratory Judgment and Motion for Appointment of Guardian Ad Litem," in which she sued her father, Mrs. Fitzgibbon, and the limited partnership. Janice sought a declaratory judgment determining that her father had engaged in actions or omissions with regard to the management of the limited partnership which were injurious to her and the Estate of John, Jr. Janice later amended her pleadings to include a request for a temporary restraining order, temporary injunction, and permanent injunction to restrain her father and Mrs. Fitzgibbon from exercising control or possession of the limited partnership's funds.

Thereafter, the Fitzgibbons made an offer to settle the underlying case. The irrevocable settlement offer was dictated into the record by counsel for the Fitzgibbons during a break in the deposition of Mr. Fitzgibbon on January 26, 2012. The offer was made irrevocable for a period of two weeks. Counsel stated that the offer contained the condition that certain family members

---

[1] The facts related to the underlying dispute are not relevant to this appeal.

had to consent and agree to the offer and potential resulting settlement. Counsel mentioned this condition several times during the dictation of the offer:

> It is a requirement to the acceptance of this offer that the following persons have to accept and sign the agreement, and that includes the children of Janice Fitzgibbon Hughes, the only surviving child of John Fitzgibbon, Jr., [and] Marlena Allen[.]
>
>         * * *
>
> Okay. The persons that are required to sign and agree to the proposed settlement agreement are the children of Janice Fitzgibbon Hughes, the child of John Fitzgibbon, Jr.; [and] Marlena Allen, who is the child of Rita Fitzgibbon. The agreement has to be approved by the court on the recommendation of the guardian appointed by the court.
>
>         * * *
>
> I feel that in order to protect this settlement from any contest, the other parties that I mentioned should also sign. If for any reason we cannot get them to sign, we should explore - - it would be our option - - it would be our option to say we don't want to sign the deal because they don't sign.

At this point, Janice's counsel stated, "[d]on't go there. You just took it off the table. You cannot go there." There was then a discussion off the record. When the record resumed, the Fitzgibbons' counsel stated as follows:

> Okay. There was some confusion a little while ago when we were on the record and before we broke regarding who were the parties that have to sign an agreement if the deal is accepted, and I had mentioned the parties by name, and that is - - I just want to say that that is the party - - those are the parties that are required to sign an agreement if accepted.

There was no objection by opposing counsel or further discussion regarding the terms of the offer.

Thereafter, the Fitzgibbons extended the acceptance deadline, ultimately imposing a March 30, 2012 deadline to accept the terms of the settlement offer. The Fitzgibbons also amended the offer, but such amendments are not at issue in this appeal.

The settlement offer was eventually accepted by Janice and by the representative of the Estate of John, Jr. John, Jr.'s son also accepted the offer. Janice's children never gave notice

either way by the stated deadline, and Marlena Allen announced that she would not accept the terms of the settlement. The Fitzgibbons thus refused to consummate the settlement.

Thereafter, Janice filed a motion to enforce the settlement agreement. Janice ultimately amended her pleadings to include a claim for breach of contract and moved for summary judgment seeking specific performance of the settlement agreement. The Executrix of the Estate of John, Jr., who by then had intervened in the case, also filed a motion for summary judgment to enforce the settlement agreement by specific performance. The Fitzgibbons filed a response and a counter-motion for summary judgment. The trial court granted both Janice's and the Estate of John, Jr.'s motions for summary judgment and ordered the parties to execute settlement documents as necessary to effectuate the parties' Rule 11 Agreement. The trial court awarded Janice and the Estate of John, Jr. a combined $121,152.60 in attorney's fees on the breach of contract claim. The trial court did not rule on the Fitzgibbons' counter-motion for summary judgment.

On appeal, the Fitzgibbons argue that the trial court erred in granting summary judgment enforcing specific performance of a never-formed settlement agreement.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A traditional summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007); *Security State Bank & Trust v. Bexar County*, 397 S.W.3d 715, 720 (Tex. App.—San Antonio 2012, pet. denied).

## DISCUSSION

The Fitzgibbons argue that because the conditions imposed to the formation of the proposed settlement agreement were not met, the trial court erred in entering judgment for specific performance and awarding attorney's fees for breach of contract. The Fitzgibbons contend that Janice[2] failed to meet her summary judgment burden when she did not prove that the conditions precedent to the formation of the settlement agreement were met. Janice responds that because the irrevocable settlement offer lacked conditional language, no condition precedent existed, and the trial court properly granted summary judgment ordering specific performance.

"The law of contracts applies to Rule 11 settlement agreements." *Ronin v. Lerner*, 7 S.W.3d 883, 886 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A binding contract exists when the following elements are present: (1) an offer, (2) *an acceptance in strict compliance with the terms of the offer,* (3) meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 236 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (emphasis added). Pursuant to the second element, "[w]here an offer prescribes the time and manner of acceptance, those terms must ordinarily be complied with to create a contract." *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995); *Conrad v. Hebert*, No. 01-09-00331-CV, 2010 WL 2431461, at *3 (Tex. App.—Houston [1st Dist.] June 17, 2010, pet. denied) (mem. op.).

A party seeking to recover under a contract bears the burden of proving that all conditions precedent have been satisfied. *Assoc. Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 283 (Tex. 1998). A contract is not created where a condition precedent to formation is not satisfied. A condition precedent may be either a condition to the formation of a contract or to an obligation

---

[2] Our reference to Janice also includes the Estate of John, Jr., which filed a motion for summary judgment identical to Janice's.

to perform an existing agreement. *Hohenberg Bros. Co. v. George E. Gibbons & Co*., 537 S.W.2d 1, 3 (Tex. 1976); *see also Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992) (defining condition precedent as an event that must happen or be performed before a right can accrue to enforce an obligation). If a condition precedent to the formation of a contract exists, then no binding contract will arise until the specified condition has occurred or been performed. *See Sharifi v. Steen Automotive, LLC*, 370 S.W.3d 126, 144 (Tex. App.—Dallas 2012, no pet.); *Fred v. Ledlow*, 309 S.W.2d 490, 491 (Tex. Civ. App.—San Antonio 1958, no writ).

The determination of whether language in a settlement offer constitutes a condition precedent to formation of an agreement is a matter of contract construction. *See Arabella Petroleum Co., LLC v. Baldwin*, No. 04-11-00370-CV, 2012 WL 2450803, at \*6 (Tex. App.—San Antonio June 27, 2012, pet. denied) (mem. op.); *Walden v. Affiliated Computer Servs., Inc*., 97 S.W.3d 303, 326 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). When a contract is not ambiguous, the construction of the written instrument is a question of law for the court which is reviewed de novo*. MCI Telecomm. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999). "'In order to determine whether a condition precedent exists, the intention of the parties must be ascertained; and that can be done only by looking at the entire contract.'" *Solar Applications Eng'g, Inc. v. T.A. Operating Corp*., 327 S.W.3d 104, 109 (Tex. 2010) (quoting *Criswell v. European Crossroads Shopping Ctr., Ltd.*, 792 S.W.2d 945, 948 (Tex. 1990)). Phrases indicative of conditional language include, "if," "provided that," "on condition that," or similar terms. *Solar*, 327 S.W.3d at 109. The absence of such words, however, is not necessarily dispositive, but it is probative of the parties' intention that a promise is made rather than a condition imposed. *Id.*

Here, neither party asserts that the settlement offer is ambiguous, and we conclude that it is unambiguous. *See Gilbert Tex. Contr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d

118, 133 (Tex. 2010) ("If a contract as written can be given a clear and definite legal meaning, then it is not ambiguous as a matter of law."). Thus, we must determine as a matter of law whether an enforceable contract was formed between Janice and the Fitzgibbons. The Fitzgibbons assert that a valid contract was not formed because the settlement offer contained certain conditions precedent that were not satisfied. We agree.

Although the offer at issue did not include any "magic language" that is traditionally associated with a condition precedent, it did make clear the offerors' intent to require certain persons to sign and accept the agreement. *See Cajun Constructors, Inc. v. Velasco Drainage Dist.*, 380 S.W.3d 819, 826 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). On three occasions, counsel for the Fitzgibbons stated that the children of Janice, John, Jr., and Rita Fitzgibbon must sign and accept the settlement agreement. Although the lawyers discussed this caveat off the record, no objection was lodged on the record regarding this requirement. Acceptance of the settlement offer by the named parties was an event required to happen before an enforceable agreement was formed. We therefore hold that the language requiring that the children of Janice, John, Jr., and Rita Fitzgibbon sign and accept the settlement agreement constituted a condition precedent. *See Dalton*, 840 S.W.2d at 956; *see also Gallup v. St. Paul Ins. Co.*, 515 S.W.2d 249, 251 (Tex. 1974) (courts should attribute plain and ordinary meaning to words).

As the summary judgment movant, Janice was required to establish all the elements of her breach of contract claim as a matter of law. She failed, however, to establish that the offer was accepted in strict compliance with its terms. *See Williams*, 264 S.W.3d at 236. In fact, in her traditional motion for summary judgment, Janice wholly failed to mention the condition that Marlena Allen and Janice's children accept and sign the agreement. It is undisputed that Marlena Allen opposed the settlement agreement, and that Janice's children did not respond by the specified deadline. The lack of their acceptance within the offer's terms means that a condition precedent

to settlement was not satisfied. A valid contract cannot exist if a condition precedent to its formation does not occur. *See Sharifi*, 370 S.W.3d at 144. Because Marlena Allen and Janice's children did not accept the terms of the settlement offer, no agreement was ever formed.

## CONCLUSION

We conclude that, as a matter of law, the January 26, 2012 "Irrevocable Offer of Settlement" contained conditions precedent which were not satisfied. Accordingly, we hold that a binding and enforceable agreement did not exist, and the trial court erred in granting summary judgment in favor of Janice and the Estate of John, Jr. and in awarding them specific performance and attorney's fees. We reverse the trial court's judgment and remand the case to the trial court for further proceedings.

Rebeca C. Martinez, Justice