## REINERT v. LAWSON.

### No. 1951.

Court of Civil Appeals of Texas. Waco.

Jan. 27, 1938.

Tom R. Mears and Tom L. Robinson, both of Gatesville, for appellant.

Eidson & Gordon, of Hamilton, for appellee.

GALLAGHER, Chief Justice.

Appellant, Otto Reinert, sued appellee, W. P. Lawson, for damages for the alleged breach of a contract by the terms of which appellant agreed to sell to appellee, and he agreed to purchase from appellant, a certain gin plant in the city of Hamilton. Appellant copied said contract in his petition. It contained a provision for the payment of a forfeit or liquidated damages by either party who refused to consummate the same. Appellant alleged that appellee declined to consummate said contract and that he had stopped payment on the check put up by him as a forfeit or liquidated damages.

The following stipulation was indorsed on said contract: "This contract is signed with the understanding that said W. P. Lawson and wife are not obligated hereunder in the event the deal between them and the Hamilton National Bank is not closed." The authenticity of said indorsement was not questioned. Appellant alleged that the deal between appellee and said bank referred to in said stipulation was a then existing agreement between appellee and said bank for the purchase by him of a certain farm from it; that the consideration had been agreed upon; that it had agreed to furnish a merchantable title to said farm; that it tendered to him a merchantable title thereto and asked him to pay the agreed consideration; that he refused to do so and thereby breached his contract with said bank.

Appellant pleaded special damages alleged to have been sustained by him on account of appellee's failure to comply with his contract to convey said gin plant to him, and asked for judgment therefor and also for judgment for said liquidated damages. The court sustained appellee's general demurrer to appellant's petition, and upon his declining to amend, dismissed the suit.

Appellant contends that his petition states a cause of action. Such contention is based on the theory that the stipulation indorsed on the contract as above recited was ineffective if appellee could have closed his deal with the bank and did not do so. The parties to a contract may agree that it shall not become effective or binding until or unless some specified condition is performed or occurs, in which case there is no binding contract until such condition has been complied with. 10 Tex.Jur. p. 52, § 29, and authorities there cited. Such a stipulation is called a "condition precedent." 10 Tex.Jur. p. 343, § 197, and authorities there cited. When a promise is subject to a condition precedent, there is no liability or obligation on the promissor and there can be no breach of the contract by him until and unless such condition or contingency is performed or occurs. 10 Tex.Jur. p. 396, § 225, and authorities cited; Ferguson v. Mansfield, 114 Tex. 112, 263 S.W. 894, 900, par. 4; First Methodist Episcopal Church v. Soden, 131 Wash. 228, 229 P. 534, 536, par. 3. The stipulation under consideration, by its express terms, made the closing of appellee's deal with the bank a prerequisite to the existence of any obligation on the part of appellee to perform his contract with appellant. It, therefore, contains the

essential elements of a condition precedent. The pending deal between appellee and the bank had no direct connection with the contract between the parties hereto. It was an uncertain thing, which might or might not occur. Making the closing thereof a condition precedent to liability on said contract did not imply any promise on the part of appellee or impose any duty on him to close such deal if he could. 5 Page on Contracts, p. 4516, § 2576, and authorities cited; Supplement thereto, vol. 2, p. 1813, § 2576, and authorities cited; 1 Restatement Law of Contracts, p. 366 et seq., § 257.

The rule is otherwise with reference to covenants embraced in a contract sued upon. A covenant, as distinguished from a condition precedent, is an agreement of one of the parties to a contract to act or forebear to act in a certain specified way, and in a proper case, such agreement may be implied. If the party who has thus agreed to act or forebear to act breaks his covenant and the covenant is a part of an enforceable contract, legal liability arises upon such breach. 5 Page on Contracts, p. 4516 et seq., §§ 2576 and 2577; 12 Tex.Jur. p. 11, par. 7. The cases cited by appellant belong to this class.

Since the deal between appellee and the bank was never closed, the contract between appellant and appellee never became effective and was wholly insufficient to support an action for damages.

The judgment of the trial court is affirmed.