954

## CLARK et al. v. WOMACK.
### No. 5184.

Court of Civil Appeals of Texas. Amarillo.
July 1, 1940.

Rehearing Denied Sept. 9, 1940.

Clark & Stegall, of Fort Worth, for plaintiffs in error.

John Myers, of Vernon, and Burford, Ryburn, Hincks & Charlton, of Dallas, for defendant in error.

JACKSON, Chief Justice.

The record shows that on October 30, 1937, J. H. Oates, Roy Hart and Sid Taylor, parties of the first part, entered into a contract with Addie Womack a feme sole, party of the second part, the provisions, terms and conditions of which material to a disposition of_ this appeal are here quoted òr stated in substance:

"1. Parties of the first part, at their own expense, desire to drill an oil and gas well on the South 100 acres of the North 210 acres of the West Half (W½) of Survey No. 1, in Block No. 7, of the H. & T. C. Ry. Company's Survey, Wilbarger County, Texas, hereinafter referred to as the Mary L. Womack Tract.

"2. Party of the second part, in consideration of the parties of the first part so drilling the above well and discovering and producing oil or gas therefrom in paying quantities, agrees, in keeping with the terms and conditions of this contract, to execute and deliver an oil and gas lease on the South 100 acres of the North 210 acres of the East Half (E½) of Survey No. 1, in Block 7, of the H. & T. C. Ry. Company's Survey, in Wilbarger County, Texas. The form of said lease to be executed by Second Party is hereto attached, marked "Exhibit A", and made a part hereof."

The third paragraph concerns the furnishing of an abstract, the examination thereof in sixty days and the acceptance or rejection of the title.

"4. Upon the acceptance of the title to said land described in paragraph 2 of this contract within the time above provided, then parties of the first part agree to begin the actual drilling of said well, or cause the actual drilling of said well to be begun, all at their own expense, within ninety (90) days from the acceptance of said title, as aforesaid, upon the tract of land set forth in paragraph 1 of this contract, and to prosecute the same with due diligence until it is completed to a depth of 1500 feet, unless oil or gas is found in paying quantities at a lesser depth."

The fifth paragraph requires the party of the second part to execute to parties of the first part an oil and gas lease on the land when the contract is executed, a copy of which with the lease shall be placed in escrow with the Wichita National Bank of Wichita Falls, Texas, to be held until delivered on the order of the second party when and if the drilling of a well is begun as provided in the contract.

The party of the second part, in compliance with the contract, executed an oil and gas lease, the terms of which necessary for the consideration of the questions presented we here quote or state in substance:

"Agreement made and entered into the 30th day of October, 1937, by and between Addie Womack, a feme sole, of Dallas, Dallas County, Texas, hereinafter called lessor (whether one or more), and J. H. Oates, Roy Hart and Sid Taylor, hereinafter called lessee:

"Witnesseth; That the said lessor, for and in consideration of One & 0⁰/100 Dollars cash in hand paid, receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of lessee to be paid, kept and performed, has granted, demised, leased and let, and by these presents do grant, lease and let unto the said lessee for the sole and only purpose of mining and operating for oil and gas and of laying pipe lines and of building tanks, power stations and structures thereon to produce, save and take care of said products, all that certain tract of land situated in the county of Wilbarger, State of Texas, described as follows, to-wit:" (The description of the land is as heretofore given.)

"This lease is to be void unless lessees drill, or cause to be drilled a well producing oil or gas in paying quantities as provided for in contract between lessor and lessees, of even date with this lease, which contract is made a part of this lease.

* * *

"If this lease becomes effective as provided for in said contract, then if no well be commenced on said land on or before the ———— day of October, 1938, this lease shall terminate as to both parties." (The date in October is blank but the parties agree that it should be the 30th.)

The lease stipulates that written notice shall be given the lessees if lessor considers that they have not complied with the obligations imposed upon them by the lease stating specifically of what the breach consists and that lessees shall have sixty days thereafter to comply or begin complying with the specified breaches complained of, and—"Title to the minerals vested in grantee under this grant shall not end or revert to grantor until there is a complete, absolute and intentional abandonment by grantee of each and all of the purposes, expressed or implied, of this grant and every part and parcel of the premises described in this grant."

The record discloses that the contract and lease were placed in escrow in the Wichita National Bank; that the lessees named in these instruments transferred the contract and lease to H. S. Rose, who within ninety days after the title was accepted began to drill a well on the Mary L. Womack 100 acres; that the lessor, Addie Womack, failed to instruct the Wichita National Bank to deliver the contract and lease; that suit was filed by the lessees and their assigns to require the lessor to direct the bank to deliver the contract and lease; that the suit was settled out of court, the contract and lease delivered and the time extended until June 1, 1938, for the resumption of drilling the well started on the Mary L. Womack tract or for the beginning of a new well thereon; and that lessees and their assigns agreed that they would proceed with the drilling with due diligence and a failure to so proceed would terminate the lease.

Mary L. Womack was the divorced wife of W. O. Womack, deceased, and owned the West Half of Section 1, Block 7, in Wilbarger County, and leased 100 acres thereof to Oates, Hart and Taylor on which they or their assigns agreed to drill a well. Addie Womack was the surviving wife of W. O. Womack, deceased, and owned the East Half of said Section 1, and by the terms and upon the conditions of the contract and lease under consideration leased and let to Oates, Hart and Taylor the 100 acres in controversy. The lessees of Mary L. Womack and their assigns drilled a well on her 100-acre tract to a depth of 1,500 feet but failed to discover oil or gas. No well was begun on the Addie Womack 100-acre tract prior to October 30, 1938, nor thereafter. On September 27, 1938, Chester F. Clark went to Dallas and consulted Mrs. Addie Womack about paying her to continue the lease or correct the omission of the figures "30" by inserting them in the blanks as heretofore mentioned and secure consent from

her to permit him and the parties holding under the provisions of the lease and contract executed by her to begin drilling a well on or before October 30, 1938. He advised Addie Womack that such parties were ready, willing and able to begin drilling a well on her 100 acres before said date but was informed by Mrs. Womack that she claimed such parties had no lease on the property and no right to drill on her land, declined to accept any money for rentals and advised him that so far as she was concerned the matter was closed. Mr. Clark testified that inasmuch as Mrs. Addie Womack denied their right under the contract and lease to the title to the oil and gas on the land, the lessees and their assigns could not afford to start a well thereon. He admitted that he never saw the contract or lease until after he acquired his interest and that he, J. M. Stegall, his law partner, and H. S. Rose had filed a suit in the District Court of Wilbarger County on December 9, 1938, against J. H. Oates, Roy Hart, Sid Taylor and E. L. Gilbert in which they alleged they did not have access to the contract and lease which were in escrow at the time they acquired their interest.

On October 8, 1938, H. S. Rose, F. G. Cowden, O. R. Fautenhahn, Chester F. Clark and J. M. Stegall, as plaintiffs, instituted this suit in the District Court of Wilbarger County against Addie Womack to recover title and possession to the leasehold estate in the land here involved and to obtain a reasonable time after judgment became final to begin drilling a test well for oil and gas on said South 100 acres of the North 210 acres of the East Half of said Section 1.

Mrs. Womack answered by general demurrer, numerous special exceptions, general denial, not guilty, pleaded the terms and provisions of the contract and lease and asked that plaintiffs take nothing by their suit, that her title be quieted and for any other and further relief to which she was entitled in law or equity.

We consider it unnecessary to make a more lengthy and detailed statement of the pleadings, since no complaint is made by either party of the sufficiency thereof.

At the close of the evidence the court directed the jury to return a verdict for the defendant, and upon the verdict so returned judgment was rendered that the plaintiffs take nothing against the defendant, Mrs. Addie Womack, and that all claims asserted by them, jointly or severally, be cancelled and all clouds by reason of such claims be removed from her title, from which judgment, by writ of error, the plaintiffs, who will hereafter be called appellants, prosecute this appeal.

It is agreed that the appellants have an interest in the leasehold estate if the contract and lease between Addie Womack and Oates, Hart and Taylor are enforceable.

■ The contract, the lease and the agreement by which the time for drilling was extended constitute one contract and must be considered together.

We note that there is no provision for a primary term and none requiring the payment of rentals.

The appellants challenge as error the action of the court in directing a verdict against them and refusing to peremptorily instruct a verdict in their behalf and in failing to adjudge to them a leasehold estate in the acreage involved and decree to them a reasonable time to begin drilling a test well thereon. They contend under this proposition that when all the terms, conditions and provisions of the contract are considered together they show as a matter of law that lessees and their assigns were obligated to drill a well on the Mary L. Womack lease, discover and produce oil or gas thereon in paying quantities or drill a well on said tract to a depth of 1,500 feet and as a well was drilled to a depth of 1,500 feet thereon in the time required and the contract and lease were delivered, title to the oil and gas vested in them notwithstanding the well drilled did not produce oil or gas in paying quantities since such requirement was a covenant and not a condition precedent.

In Reinert v. Lawson, Tex.Civ.App., 113 S.W.2d 293, the court distinguishes a "covenant" from a "condition precedent".

In Burns v. American Nat. Ins. Co., 280 S.W. 762, 765, the Supreme Court, speaking through the Commission, says: "A 'condition precedent' is such as must happen or be performed before a right can accrue to enforce an obligation dependent upon the happening or performance thereof against another in favor of one claiming such right."

In 15 C.J.S., Condition, 811, a condition precedent is defined as follows: "In general, one which is to be performed before some right dependent thereon accrues or

some act dependent thereon is performed; one which must be performed before the interest affected by it can vest; a fact which must exist before a duty of immediate performance of a promise arises; and a condition which involves anything in the nature of consideration is, in general, a condition precedent, and so usually where the condition is in the nature of a consideration for the concession, its performance will be regarded as intended to precede the vesting of any right, and so a condition precedent."

The words "condition precedent" are given the same meaning in 10 Tex.Jur. 343, para. 197, and to the same effect is the definition in 12 Am.Jur. 849, para. 296.

The tract of land is granted, demised, leased and let on the covenants and agreements to be kept and performed by the lessees and their assigns "for the sole and only purpose of mining and operating for gas and oil", etc. The lessor "in consideration" of the lessees "drilling the above well" on the Mary L. Womack tract "and discovering and producing oil or gas therefrom in paying quantities agrees, in keeping with the terms and conditions of this contract, to execute and deliver an oil and gas lease" on her land. The form of the lease to be executed was attached to and made a part of the contract and, as executed, contained this stipulation: "This lease is to be void unless lessees drill, or cause to be drilled a well producing oil or gas in paying quantities as provided for in contract between lessor and lessees, of even date with this lease, which contract is made a part of this lease."

Appellants admit, in effect, that title to the oil and gas did not vest in the lessees by delivery of the contract and lease since they say they were required to either discover oil or gas in paying quantities on the Mary L. Womack tract or to drill a well thereon to a depth of 1,500 feet. The lessees and their assigns could perform the obligations imposed upon them in the instruments under consideration by discovering and producing oil or gas in paying quantities on the Mary L. Womack tract without drilling to the depth of 1,500 feet, but we find nothing in the instruments considered separately or together and nothing in the record that would warrant the conclusion that the parties intended that drilling a well 1,500 feet would constitute a performance thereof and title thereby for the purpose of exploring for oil and gas vest in the lessees.

A deed may contain one or more conditions which must be performed before the title to the property therein described vests in the grantee by such conveyance and the grantor may require any lawful condition he may elect. The conveyance may require, in order for the title to pass, that the grantee erect certain improvements, build a church, subdivide the property, cultivate and sell to him certain crops, or, may provide that the grantee "begin operations for the production of oil or gas". 12 Tex.Jur. pages 124 and 125, para. 32; Imperial Sugar Co. v. Cabell et al., Tex.Civ.App., 179 S.W. 83; Co-operative Vineyards Co. v. Ft. Stockton Irrigated Lands Co., Tex.Civ.App., 158 S.W. 1191.

In our opinion the stipulations providing for the production of oil and gas in paying quantities on the Mary L. Womack tract and that the lease was void unless a well producing oil or gas in paying quantities was so drilled constituted the primary consideration and a condition precedent to vesting title in the lessees and their assigns. We are therefore of the opinion that the court did not err in directing a verdict in behalf of Addie Womack and refusing to direct a verdict in favor of appellants.

It is true the lease stipulated that if it became effective as provided for in the contract and no well was commenced on or before October 30, 1938, it should terminate as to both parties and that title to the minerals vested in the grantee under the lease should not end or revert to the grantor until an intentional abandonment by the grantee; nevertheless, in our opinion the lease never became effective and the title to the minerals never vested in the lessees for the reason that neither they nor their assigns drilled a well on the Mary L. Womack tract which produced oil or gas in paying quantities and the express provision of the lease is that unless they drill or cause to be drilled a well—not to a depth of 1,500 feet, but a well that produces oil or gas in paying quantities—the lease of Addie Womack is to be void. These instruments obviously constituted what is termed in law an "unless" lease, and our decision finds support in the holding of W. T. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27; Caruthers v. Leonard, Tex.Com.App.,

254 S.W. 779; and 31 Tex.Jur. para. 134, pages 746, 747.

If we are correct in the foregoing conclusions the other assignments urged by appellants do not present error and require no discussion.

For the reasons stated, the judgment is affirmed.