**COUCH v. STEWART.**

No. 11865.

Court of Civil Appeals of Texas. Galveston.

March 13, 1947.

Rehearing Denied April 3, 1947.

Louis W. Graves, Jr., of Houston, for appellant.

Hardway, Harwell, Smith & Gwin and Lawrence P. Gwin, all of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the County Court at Law of Harris County, Texas, entered in part upon a jury's verdict in response to special issues submitted, and in part upon independent findings of the court itself from what it terms "the undisputed facts", decreeing that the appellee "do have and recover of and from the appellant the sum of $300.00, with interest thereon during the time she had retained the same", which money he had turned over to her under what the parties termed an "earnest-money agreement", concerning the sale and purchase between them of a house and lot in Houston; the agreement was in writing, a copy of which is appended hereto as Exhibit A.

"Exhibit A.
Lula O. Couch,
5519 Lawndale
Houston, Texas.
                            March 11, 1946.
Received from Marchell M. Stewart $300.00 as Ernest money to purchase the property located at 7902 Johns St. described as Lot 7 Block 8 Foehrmann and Smith Addition to Harrisburg Subdivision of Houston Harris Co. Texas.

The total purchase price to be 7900.00. This money is accepted pending a loan of %4600.00. Bearing interest at 6% also pending a good and merchantable title. It is agreed that if this loan arrangement can not be made, or a good and merchantable title obtained, this earnest money shall be refunded. The seller agrees to furnish title policy or abstract up to date at his

'(The seller's) expense—Pro rate the taxes and rentals as of date of sale. It is further agreed that if the purchaser fails or refuses to pay the required balance of $3000.00 dollars this *Er*nest money shall be for*fit*ed. It is agreed the seller to give possession by the 23rd day of March, 1946.

---

Seller
(Signed)   Marchell M. Stewart
Purchaser
(Signed)   Lula O. Couch."

The appellee herein sued appellant for the return of the $300 to him, under the fully declared-upon claim that the whole transaction had failed, in that the appellant had never been able to comply with the condition precedent recited therein that he would only be obligated to buy the property if he could obtain a $4,600 loan upon it, which could not be and had not been done, despite the efforts of them both, whereupon appellant had refused to return the money to him, as so agreed.

Appellant admitted the execution of the contract containing the condition precedent recited therein, but contended she herself could have procured such $4,600 loan thereon for the appellee, but that he had declined without excuse to go on with the undertaking.

As indicated, the trial court submitted this dispute on the facts to the jury under special issues, inquiring (1) whether by the exercise of reasonable diligence the appellee could have arranged a $4,600 loan on the property within a reasonable length of time, and (2) whether the appellant had arranged a loan for the appellee on the property in that amount. The jury answered both of these inquiries favorably to the appellee; that is, that he could not have secured such a loan, and that she, in turn, did not arrange one for him.

No successful attack has been made by the appellant upon the sufficiency of the evidence to sustain the quoted findings; indeed, appellant makes none, contending rather upon this appeal that such findings did not determine any material issues, and that, for other reasons which she urges, the judgment was fundamentally erroneous, and hence could not stand; that it lacked sufficient support either in appellee's pleadings or proof, and therefore was without support.

After reviewing the record, in the light of the quoted agreement, together with the trial court's submission of what it deemed to be the material issues of fact raised by the pleadings and evidence, and its stated judgment in response to the jury's verdict returned thereon, this court is constrained to hold that that judgment did determine the cause upon the right theory, when it found in favor of the appellee for the return of his $300 from the appellant, on a sustained finding by the court and jury that the condition precedent so recited in the writing between the parties—that is, that the undertaking was preliminarily dependent upon whether or not a $4,600 loan could be obtained by the appellee, or for him by appellant—had not been complied with.

It will be noted that the instrument did not contain the name of the owner of the property, a Mr. R. C. Adams, and it indisputably appears from the testimony that the appellant and the appellee dealt with their undertaking wholly independently of him, except that he was reported by the appellant to be holding himself in readiness to sell the property to the appellee, within the time specified in the copied contract.

However, the upshot of it all was clearly shown by both the pleadings and proof to have been that, when the loan was not so procured within the time specified in the agreement, either by or for the appellee, he demanded of appellant a return of his $300, which she admittedly then still held, and that she refused to return it, claiming that she herself could procure the $4,600 loan for him; but, as indicated, the jury determined that dispute adversely to her.

It further undisputedly appears, indeed, was testified to by the appellant herself, that in the meantime, that is, on May 10 of 1946, Mr. Adams, the owner of the property, ignoring these parties and their herein-involved earnest money agreement, had conveyed the property to another purchaser; wherefore, the appellant no longer had any strings whatever upon it, conceding

that she could neither control nor do anything with it.

As before stated, the trial court's theory, after hearing the whole cause upon the pleadings and the facts, was that the $300 had been shown to have been paid by appellee to and accepted by the appellant under the condition thus declared upon in the appellee's pleadings: "Plaintiff and defendant, prior to the execution of said earnest receipt, agreed that, since Plaintiff was without sufficient funds to purchase the property described, the agreement for the sale of the property would be made contingent upon the success of Plaintiff in securing a loan of $4,600.00, and that the provisions for the sale by the owner and the purchase by Plaintiff, contained in said earnest receipt, would become effective only upon the occurrence of this condition, that is, that Plaintiff was successful in obtaining said loan. * * *"

On the coming in of the verdict, determining that condition, on sufficient evidence, against the appellant, it held. that the court properly ordered her to return him the money.

■ Our courts appear to have held in similar circumstances that such an instrument, or earnest money receipt, as this one, could not become operative as a contract-of-purchase until the occurrence of the expressly stated condition precedent thereto, which, as abundantly shown in this instance, never did occur. Faulkner v. Otto, Tex.Civ.App., 230 S.W. 447; Burns v. American Nat. Ins. Co., Tex.Com.App., 280 S.W. 762, 765.

■ Appellant earnestly contends that Mr. Adams, the owner of the property, should have been made a party to the suit as appellant's principal, and that. the trial court was without authority in his absence to determine the cause as it did; but it seems to this court that, in view of the utter failure of the clearly stated condition precedent to the fulfillment of the transaction, he was not a necessary party, because he had no interest in the subject matter, unless and until the actual parties to their agreement first resolved the indispensable matter of their own dispute between them, which was never done.

If, on the other hand, they had done that, and the inhering condition had occurred, and the loan been secured, then Mr. Adams might have acquired certain rights, as well as incurred certain liabilities; that is, provided he had been so brought into it while he so owned the property; but, as also shown supra, not even that contingency persisted between these two parties-litigant over the $300, because he had sold the property out from under them, while they were yet disputing.

In somewhat similar circumstances to these, the courts seem to hold that appellant's attitude as the holder of appellee's $300 in this instance was not like that of an agent of another, but rather comparable to that of a stakeholder, who, upon failure of the condition attending, becomes a trustee in holding the money for its owner's use. Restatement of the Law of Agency, § 339; Murrah v. Shirley, Tex.Civ.App., 237 S.W. 307; 2 Texas Jurisprudence, § 168.

Appellant presents a number of other contentions, but under the holding that the trial court's submitted inquiries to the jury properly embodied the material issues of fact involved, it becomes unnecessary to review them.

Without further discussion, the judgment will be affirmed.

Affirmed.