### SHAPER et al. v. GILKISON.
### No. 9752.

Court of Civil Appeals of Texas. Austin.

Jan. 26, 1949.

Rehearing Denied March 2, 1949.

W. J. Hodge and David L. Tisinger, both of Austin, for appellant L. Lee Brasfield.

Archer & Archer and Fancher Archer, all of Austin, for appellant Geo. A. Shaper.

Hart, Brown & Sparks, of Austin, for appellee.

HUGHES, Justice.

This suit is by a purchaser for the recovery of $1,000 deposited under the terms of a contract for the sale of real estate.

Appellee, Joseph I. Gilkison, and his wife were the "purchasers," appellant George A. Shaper and his wife were the "sellers," and appellant L. Lee Brasfield was the agent of "sellers."

The contract was made upon a printed form called "Contract of Sale and Receipt of Earnest Money." The handwritten provisions of this contract, which we will indicate, were all inserted by the agent Brasfield. The material provisions of the contract are:

"*Mr. & Mrs. Geo. H. Shaper,* hereinafter called Seller, acting through the undersigned and duly authorized Agent, hereby sells and agrees to convey unto *Mr. & Mrs. J. I. Gilkison,* hereinafter called Purchaser, the following described property: Lying and situated in the County of Travis, State of Texas, *House & lot and all improvements located at 2707 Warren St. Austin, Texas. Lot size being approx. 1 acre.*

"The purchase price is *$14,500.00,* payable as follows: *$14,500.00* Cash (of which Purchaser has deposited with the undersigned Agent *$1,000.00* as part payment, receipt of which is hereby acknowledged by said Agent); *the sale of the above described property is contingent on the sale & closing of such on property located at 1804 W. 36th St., Austin, Texas. Possession to be given on closing of sale. This sale to be consummated within 60 days.*

\*    \*    \*    \*    \*    \*

" \* \* \* Should the Purchaser fail to consummate this contract as specified for any reason, except title defects, Seller shall

have the right to retain said cash deposit as liquidated damages for the breach of this contract and shall pay to Agent therefrom the usual commissions, or, Seller may enforce specific performance of this contract.

* * * * * *

"*It is agreed that Seller will receive $13,500.00 net.*[1]"

The contract, dated September 21, 1947, was signed by all of the parties to this suit.

The undisputed evidence shows:

(1) That the property described in the contract as being located at 1804 W. 36th Street was owned by the purchasers and the contingency as to its sale was inserted in the contract at their request.

(2) That purchaser's said property was not sold within the 60-day limit prescribed by the contract and had not been sold at the time of trial which was in May 1948.

(3) That Brasfield, as agent for seller, received and retained the $1,000 deposited by the purchasers.

Appellee sought recovery of the $1,000 on the principal ground that his agreement to purchase from Gilkison was, under the contract, conditioned upon the sale of his property, and this not having occurred within the time specified there was no such failure of performance on his part which prevented recovery of the $1,000.

Appellants sought to defeat this recovery on the ground that appellee could have sold his property either within the time specified or shortly thereafter, contending that time was not of the essence.

The agent, Brasfield, sought to retain for himself the $1,000 for services rendered.

The seller, Shaper, sought judgment against appellee and Brasfield for the $1,000, and in the alternative sought judgment over and against Brasfield for any judgment which might be rendered against him.

Trial was before a jury but when the evidence was all in the trial judge withdrew the case from the jury and instructed a verdict for appellee and thereupon judg-ment in his favor was rendered jointly and severally against appellants. The judgment also severed the cross-action filed by appellant Shaper against appellant Brasfield and the issues made therein were not adjudicated.

There is evidence showing that the purchaser Gilkison attempted to sell his property. In fact a sale was apparently made but the check given in payment was worthless.

The evidence also shows that the agent Brasfield worked hard and diligently to sell the Gilkison property. Gilkison originally wanted $10,850 net for his property. Later the price was reduced to $10,000 net, and later, according to Gilkison, the price was raised back to $10,850 net. On or about September 20, 1947, a written agreement, signed by the Shapers, was tendered Gilkison, in which the trade between them was to be completed by the Shapers taking in the Gilkison house at $10,000. Gilkison refused to agree.

The pleadings are free from allegations of fraud, accident or mistake, except the allegation that Gilkison fraudulently refused to sell or convey his property to Shaper for $10,000.

If Gilkison was within his legal rights in refusing to convey his property this could not constitute fraud. This case turns, then, upon the proper construction to be given the written contract.

In Reinert v. Lawson, Tex.Civ.App., Waco, 113 S.W.2d 293, 294, the court construed a contract very similar to the one before us. The contract there was for the sale of a gin and contained a provision for the payment of a sum of money as liquidated damages by the defaulting party. Indorsed on the contract was this stipulation:

"This contract is signed with the understanding that said W. P. Lawson and wife are not obligated hereunder in the event the deal between them and the Hamilton National Bank is not closed."

Lawson and wife were the purchasers. It was shown that the "deal" referred to was an agreement between Lawson and the

---

[1] Italics indicate handwriting.

bank for the sale of a farm from the bank to Lawson; that the price of the farm was agreed upon and that the bank tendered Lawson a good title to the farm but that Lawson refused to pay the agreed consideration and thereby breached his contract with the bank.

The court held that Lawson was not liable for damages for breach of the gin contract, saying:

"* * * The parties to a contract may agree that it shall not become effective or binding until or unless some specified condition is performed or occurs, in which case there is no binding contract until such condition has been complied with. 10 Tex.Jur., p. 52, § 29, and authorities there cited. Such a stipulation is called a 'condition precedent' 10 Tex.Jur. p. 343, § 197, and authorities there cited. When a promise is subject to a condition precedent, there is no liability or obligation on the promissor and there can be no breach of the contract by him until and unless such condition or contingency is performed or occurs. 10 Tex.Jur., p. 396, § 225, and authorities cited; Ferguson v. Mansfield, 114 Tex. 112, 263 S.W. 894, 900, par. 4; First Methodist Episcopal Church v. Soden, 131 Wash. 228, 229 P. 534, 536, par. 3. The stipulation under consideration, by its express terms, made the closing of appellee's deal with the bank a prerequisite to the existence of any obligation on the part of appellee to perform his contract with appellant. It, therefore, contains the essential elements of a condition precedent. The pending deal between appellee and the bank had no direct connection with the contract between the parties hereto. It was an uncertain thing, which might or might not occur. Making the closing thereof a condition precedent to liability on said contract did not imply any promise on the part of appellee or impose any duty on him to close such deal if he could. 5 Page on Contracts, p. 4516, § 2576, and authorities cited; Supplement thereto, vol. 2, p. 1813, § 2576, and authorities cited; 1 Restatement Law of Contracts, p. 366 et seq., § 257."

■ The contract before us in providing that the sale was "contingent on the sale" of the Gilkison property was the equivalent of providing that there should be no liability under the contract unless such sale was made. "Contingent," as there employed, means, "dependent for effect on something that may or may not occur." Webster Int. Dict.

■ The Gilkison property not having been sold when this case was tried no breach of the contract on his part was established. The evidence further shows that Shaper has sold the property which he agreed to sell to Gilkison and hence the contract was, at the time of trial, impossible of performance. Couch v. Stewart, Tex. Civ.App., Galveston, 200 S.W.2d 642. The trial court was, therefore, in our opinion, correct in withdrawing the case from the jury and rendering judgment for appellee for recovery of the $1,000 deposited by him under such contract.

■ Appellant Shaper contends that appellee should have been required to elect as to whether he would sue Shaper or Brasfield; citing such authorities as Fort Terret Ranch Co. v. Bell, Tex.Civ.App., Austin, 275 S.W. 81 and Heffron v. Pollard, 73 Tex. 96, 11 S.W. 165, 15 Am.St.Rep. 764, as holding that both the agent and disclosed principal cannot be sued. We need not discuss these or other authorities cited on this point for the reason that there is no attempt here to establish any liability against the agent for breach of the contract. Brasfield, having received and retained the $1,000, was a stakeholder. Couch v. Stewart, supra. Brasfield also asserted a personal claim to this money. It was proper that his claim be adjudicated in this suit and, in our opinion, this could be done without requiring appellee to abandon his right to establish liability of Shaper, a disclosed principal.

■ The trial court did not abuse his discretion in severing the cross-action filed by Shaper against Brasfield. Rule 41, Texas Rules of Civil Procedure; Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438.

The judgment of the trial court is affirmed.

Affirmed.