**PENA et al.**

v.

**SECURITY TITLE CO. et al.**

No. 12680.

Court of Civil Appeals of Texas. San Antonio.

April 28, 1954.

John R. Shaw, Robert R. Murray, San Antonio, for appellants.

Leonard Brown, San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from a judgment directing the forfeiture of earnest money in the sum of $1,000 under a contract for the purchase and sale of real estate. The contract involved was prepared by filling in the blanks of a printed form and is somewhat informal and indefinite.

The pertinent parts of the contract are as follows:

"Earnest Money Receipt

"San Antonio, Texas, October 3, 1952

"Mr. Frank F. Pena, Jr.
(Purchaser)

"We hereby acknowledge receipt of One-thousand and no/100 ($1000.00) Dollars as earnest money to bind sale to you of property situated in Bexar County, Texas, described as follows:

Property known as 1500 W-Summitt Ave.

Lots 1 & 2 Blk 2 NCB 3244

at a total sale price of $14,600.00; said sale being on the following terms:

$2,000.00 Approximately. cash, of which this earnest money shall form part; and $——— to be evidenced by:

"Subject to buyer securing loan of approximately 12,600.00 dollars. * *

"Upon failure of buyer to comply herewith, seller may, at his option, either enforce specific performance, or forfeit this earnest money as liquidated damages * * *."

The purchasers were Frank F. Pena, Jr., Richard F. Pena and their sister, Norma M. Pena. Although the contract called for the sum of $1,000 as earnest money, a total sum of $1,500 was actually deposited with the escrow agent, Security Title Company. The purchasers, as plaintiffs below, sought to recover the $1,500 earnest money of the escrow agent, Security Title Company, which impleaded C. A. Grosse and Mary Louise Grosse, the vendors named in the contract of sale, and tendered the disputed $1,500 into the registry of the court. The Grosses by answer asserted claim to the $1,500, on the ground that the Penas "refused to comply with said terms (of the contract), and refused to purchase said property, and refused to pay the balance of the purchase money, and that these defendants elected to and did declare said sum of $1500.00 forfeited to them, and that these defendants are entitled to said sum of $1500.00."

The Security Title Company waived all claims to an attorney's fee, and a real estate agent made party to the suit disclaimed all interest in the fund, whereupon the court rendered judgment in favor of Grosse and wife for $1,000, the express amount mentioned in the contract, and for appellants in the sum of $500.

In so doing, the court erred. The contract by its terms was "subject to buyer securing loan of approximately 12,600.00 dollars." This provision constituted a condition and unless such loan was obtained, neither the bargain and sale terms of the contract nor the forfeiture provisions thereof would become effective. Reinert v. Lawson, Tex.Civ.App., 113 S.W. 2d 293; Couch v. Stewart, Tex.Civ.App., 200 S.W.2d 642; Shaper v. Gilkison, Tex. Civ.App., 217 S.W.2d 878. The undisputed evidence shows that no loan for approximately $12,600 was obtained. There was no showing that this provision of the contract was modified by a valid enforcible agreement of the parties. The most that can be said is that some negotiations were had with reference to securing a loan of approximately $9,000 and payment of the balance of the purchase money in cash,

or by the execution of a second lien note. These negotiations, however, did not result in an agreement in writing or otherwise to change the terms of the original earnest money contract. As appellees' claim to forfeiture is based upon such agreement and the condition precedent contained therein was not fulfilled, the forfeiture clause never became effective.

The judgment of the trial court is reversed and judgment here rendered that appellants do have and recover the $1,500 earnest money now on deposit with the clerk of the court below. Costs in this court and the court below are adjudged against appellees, C. A. Grosse and Mary Louise Grosse.

Reversed and rendered.