**MOONEY et al. v. THOMAS.**

No. 9801.

Court of Civil Appeals of Texas. Austin.

May 25, 1994.

Slater & Slater, of Luling, for appellants.
C. F. Richards, of Lockhart, for appellee.

ARCHER, Chief Justice.

Appellee herein, Taylor Thomas, as plaintiff below, sued Vivian Mooney and Wray White, appellants herein and defendants below, for $1,000 damages resulting from the alleged failure of appellants to deliver a 4-door 1946 Oldsmobile.

Thomas was the owner of an Oldsmobile agency, a garage, the building, equipment and tools therein, which he sold to Mooney and White, and in connection with the sale a contract was entered into by the parties, to-wit:

"That we, Taylor Thomas, as First Party, and Vivian Mooney and Wray White as Second Parties, do, on this 12th day of January, 1946, enter into the following agreement and contract, to-wit:

"First: It is agreed and understood that this contract is made in connection with, and as a part of, the sale of lots Nos. 18, 19 and 20 in Block No. 39 of the City of Luling, by First Party to Second Party, and—

"Second: That as a part of the consideration for the sale of tools and equipment located in the above described property, Second Party agrees and contracts to sell to First Party, at cost to Second Party, two 1946 Oldsmobile automobiles in the following manner: First Party shall have the option as to when to take said automobiles; he shall have first option on the first four door sedan received by Second Party; then, after Second Party has received no less than six automobiles, First Party has the option of taking the second Oldsmobile according to his choice of model."

This litigation grows out of the failure of the defendants to deliver the second automobile, and on trial before the court plaintiff recovered a judgment for $425.

The trial court filed findings of fact and conclusions of law, in which he found that the contract was made in connection with and as a part of the sale of the lots, garage business, equipment and tools, and that the full consideration was not paid, and further:

"I further find that the plaintiff requested and demanded of the defendants, the delivery of the second car to him, at cost to the defendants, and that the defendants, re-

fused to deliver said car to the plaintiff. That, if the defendants would have tendered delivery of a second car under said contract, the plaintiff would have elected to take and would have taken a four door sedan. That the plaintiff could have and would have sold said car, at said time, and under the then conditions, at a profit in excess of $1,000.00. That under the contract sued upon, the defendants were obligated and bound to deliver to the plaintiff, at cost to the defendants, a second car, and that the plaintiff had the option of his choice of model. That the defendants refused to deliver said second care solely on the grounds that they had not received as many as six 1946 Oldsmobiles. The Court finds that the defendants received five 1946 Oldsmobiles. The Court finds the plaintiff's damages in the sum of $425.00 only because he feels the defendants acted in good faith in their interpretation of the contract sued upon, in the belief, if they did not receive as many as six 1946 Oldsmobiles, they were not required under the contract to deliver to the plaintiff the second car, at cost to the defendants.

"The Court concludes as a matter of law, under the contract herein sued upon, and as a part of the consideration of the same, to be paid by the defendants to the plaintiff, the defendants were bound and obligated to deliver to the plaintiff, at cost to the defendants, two automobiles, the first car to be delivered to be a four door sedan, and that the plaintiff had the option of taking the second car according to his choice of model, and the defendants, after the demand by the plaintiff for the delivery of said second car, failed and refused to deliver said car to the plaintiff, and the defendants, and each of them, thereby, by reason of such failure and refusal, became bound and liable to the plaintiff for the damages resulting to the plaintiff by reason thereof. The Court assesses the damages in the sum of $425.00."

The appellants urge eight points as error and that their special exceptions Nos. 3, 5, 8, 10, 11 and 12 should have been sustained, in that plaintiff was attempting to vary the terms of a written contract, in this case the deed of conveyance, and further special exception No. 16, to the effect that there was no mutual mistake and that a mutual mistake must be pleaded and proved by proper evidence, and that appellee did not introduce any testimony to substantiate his plea, and that the court erred as a matter of law in overruling special exception No. 16.

The appellants in their seventh point contend that the judgment is not sustained by the evidence, and further that damages could not accrue until the condition precedent had been fulfilled, and that in this connection the judgment lacks support as a matter of law as well as of fact; and by their eighth point appellants say the court erred as a matter of law in construing the contract and in the interpretation thereof.

The court's judgment is supported by the evidence, and as trier of the facts he was justified in law in rendering the judgment that he did.

We believe that the contract for the sale of the two automobiles was in connection with and a part of the consideration for the sale of the business as a whole, and further that defendants obligated themselves to deliver the two automobiles to plaintiff. As is observed from the contract, recitation is made "that as a part of the consideration * * * second party agrees and contracts to sell to first party, at cost to second party, two 1946 Oldsmobile automobiles." The remainder of the second paragraph has to do with manner and option on the part of the first party in accepting the automobiles, and was not a contract conditional on the appellants receiving six automobiles, and not therefore a condition precedent. Kingsville Cotton Oil Co. v. Dallas Waste Mills, Tex.Civ. App.1919, 210 S.W. 832; Shaper v. Gilkison, Tex.Civ.App., 217 S.W.2d 878.

"It is a general rule that the seller is not excused from the performance of obligations undertaken in a contract of sale which were not impossible or unlawful at the time, unless the performance is made unlawful or is prevented by the other party, or the subject matter of a contract for the sale of specific goods is destroyed without fault on the part of the seller; neither

inevitable accident nor even those events denominated 'acts of God' excuses him, for the reason that he might have provided against them by his contract." 46 Am. Jur., Sales, Sec. 233, pp. 414-415.

The judgment of the trial court is affirmed.

Affirmed.